**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ERIC J. SPITZER, in his personal capacity and as principal owner of SPITZER TAX AND ACCOUNTING, INC., an Arizona Corporation; and STEPHEN C. SPITZER, in his personal capacity and as principal owner of SPITZER FINANCIAL, LLC, an Arizona Corporation,<br><br>         Petitioners,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF TREASURY; DOUGLAS H. SCHULMAN, Commissioner of Internal Revenue; and VANESSA C. MILLER, Special Agent,<br><br>         Respondents. | No. MC-11-0017-TUC-CKJ<br><br>**ORDER** |

Currently pending before this Court is the United States' Motion to Deny and Dismiss Petition to Quash and Amended Petition to Quash Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [Doc. 10]. In its discretion, the Court finds this case suitable for decision without oral argument. *See* LRCiv. 7.2(f). The Parties have adequately presented the facts and legal arguments in their briefs and supporting documents, and the decisional process would not be significantly aided by oral argument.

. . .

. . .

. . .

## I. BACKGROUND

Special Agent ("SA") Vanessa C. Miller is conducting an investigation of the federal tax liabilities of Eric J. Spitzer and Spitzer Tax and Accounting, Inc., for the tax years 2007-2010. Decl. of Vanessa C. Miller [Doc. 10-2] at ¶ 3. The purpose of SA Miller's investigation is to determine whether Eric J. Spitzer or Spitzer Tax and Accounting, Inc. have violated any internal revenue laws. *Id.* at ¶ 4. Eric J. Spitzer has not filed a personal federal income tax return since 2003, and has not filed corporate income tax returns for Spitzer Tax and Accounting, Inc. since 2005. *Id.* at ¶ 5. This investigation requires evaluating financial transactions with various entities, including Spitzer Financial, LLC, operated by Stephen C. Spitzer, Eric's father. *Id.* at ¶ 4.

SA Miller served IRS administrative summonses on Alliance Bank of Arizona, American Express, Bank of America FIA Card Services, Capital One, Citibank, N.A., GMAC Mortgage Corp., J.P. Morgan Chase Bank, N.A., and Target Financial Services. Decl. of Vanessa C. Miller [Doc. 10-2] at ¶¶ 8-15 & Exhs. 2-9. SA Miller subsequently served summonses on Ventana Canyon Golf and Racquet Club and CitiCorp Credit Services, Inc. *Id.* at ¶¶ 16-17 & Exhs. 10-11. SA Miller avers that information from Stephen C. Spitzer and Spitzer Financial, LLC may be relevant to her investigation, because Eric J. Spitzer may be placing assets in his father's name and/or the names of the entities operated by father and son. *Id.* at ¶ 6. Petitioners filed an Amended Motion to Quash Third-Party Summons [Doc. 5]. The Government seeks dismissal of Petitioners' motion for lack of jurisdiction and failure to state a claim.

## II. STANDARD OF REVIEW

This matter is before the Court on Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction for a failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1) & (6); *See Daniel v. United States*, 2008 WL 752615, *1 (D. Ariz. 2008) (stating "Plaintiff's action against [the IRS agent], the IRS and the Treasury Department are essentially actions against the United States and 'are all afforded the

1 protection of sovereign immunity[.]'" (quoting *Tracy v. United States*, 243 F.R.D. 662, 665
2 (D. Nev. 2007)); *Viewtech, Inc. v. United States*, 653 F.3d 1102 (9th Cir. 2011) (upholding
3 dismissal of taxpayer and third party's motion to quash IRS summons for lack of standing,
4 and therefore, lack of subject matter jurisdiction).  In "considering a motion to dismiss
5 pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but
6 may review any evidence, such as affidavits and testimony, to resolve factual disputes
7 concerning the existence of jurisdiction." *See McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir.
8 1988) (citing *Land v. Dollar*, 330 U.S. 731, 735 n.4, 67 S.Ct. 1009, 1011 n.4, 91 L.Ed. 1209
9 (1947)).    Further, in attacks on subject matter jurisdiction pursuant to Rule 12(b)(1),
10 Petitioners bear "the burden of proof that jurisdiction does in fact exist." *Thornhill Publ'g*
11 *Co., Inc. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).  The Court need
12 not consider unreliable evidence, and "no presumptive truthfulness attaches to plaintiff[s']
13 allegations." *Id.*

14 Dismissal is appropriate where a plaintiff has failed to "state a claim upon which relief
15 can be granted." Rule 12(b)(6), Fed. R. Civ. P.  "To survive a motion to dismiss, a complaint
16 must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is
17 plausible on its face.'" *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Bell Atlantic*
18 *Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).

19

20 **III.   ANALYSIS**

21 The Government moves to dismiss Plaintiffs' motion to quash asserting that Plaintiffs
22 lack standing and this Court lacks subject matter jurisdiction.  "The IRS's statutory power
23 to summons persons, information and documents is set forth in two provisions 26 U.S.C. §
24 7602 and § 7609." *Viewtech, Inc.*, 653 F.3d at 1104.

25 ***A. Extra-jurisdictional Entities***

26 The Government asserts that this Court lacks jurisdiction over four of the summonses
27 because the entities to which they were issued reside or are located outside of the District of
28 Arizona. United States' Mot. to Deny and Dismiss Pet. to Quash and Amended Pet. to Quash

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [Doc. 10] at 3.  Petitioners assert that jurisdiction is proper for the four based upon traditional Due Process analysis of purposeful availment.

Section 7609(b)(1), 26 U.S.C., provides that "any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons[.]"  "The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2), (f), or (g)."  26 U.S.C. § 7609(h)(1).  Jurisdiction pursuant to § 7609(h)(1) "must be strictly construed because it is a condition precedent to the waiver of sovereign immunity."  *Ponsford v. U.S.*, 771 F.2d 1305, 1309 (9th Cir. 1985) (holding that "the twenty-day filing requirement of § 7609(b)(2)(A) is jurisdictional . . . [and as such] must be strictly construed because it is a condition precedent to the waiver of sovereign immunity.").

### 1.  American Express

The Government asserts that "Petitioners conflate American Express credit card services with American Express travel services[.]" United States' Mot. to Deny and Dismiss Pet. to Quash and Amended Pet. to Quash Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [Doc. 10] at 5.  The Government further asserts that the records sought are from the El Paso, Texas offices of American Express.  *Id.*  Petitioners state that "American Express Co. is the parent company of American Express Travel Services." Resp. to United States Mot. to Deny and Dismiss Pet. to Quash Summons [Doc. 12] at 3.  Accordingly, Petitioners urge this Court to apply either the "alter-ego" test or the "agency relationship" test and deem jurisdiction over American Express Travel Related Services Company, Inc. proper.

The Ninth Circuit Court of Appeals has not directly addressed the issue of whether jurisdiction is proper simply because an entity maintains a branch office within a judicial district.  *But see Fortney v. United States*, 59 F.3d 117, 119 (9th Cir. 1995) (upholding dismissal for want of jurisdiction petition to quash a summons "[b]ecause the California Bank neither resides nor is found within the jurisdiction of the Nevada District Court[.]")

1  "The 'branch office' test is a practical solution to the hybrid jurisdictional question presented
2  as it maintains a distinction between 'reside' and 'found,' but requires a physical presence
3  within the forum and is therefore consistent [with] the limited case law which requires
4  something more than a Due Process analysis of minimum contacts." *Oldham v. United*
5  *States*, 2002 WL 850205, *2 (D. Or. 2002); *see also Masat v. United States*, 745 F.2d 985
6  (5th Cir. 1984) (declining to address branch office issue because not raised below, but
7  suggesting this may be appropriate in some limited circumstances where records could be
8  found within the jurisdiction). Petitioner bears the burden of proving jurisdiction. *Thornhill*
9  *Publ'g Co., Inc.*, 594 F.2d at 733.

10  Here, Petitioners assert that because "[t]he American Express website refers to
11  American Express Travel Specialists as working 'out of our U.S. Travel Offices.'" this is
12  sufficient to confer jurisdiction upon this Court. The Court disagrees. *See Buckler v. United*
13  *States*, 2006 WL 517610 (W.D. Ky. 2006) (holding Plaintiff's failure to adduce any
14  "evidence to support his assertion that the recordkeepers are so registered and do conduct
15  such business" insufficient to support jurisdiction); *Oldham*, 2002 WL 850205, *2-3 (finding
16  petitioner's "personal affidavit and various records obtained through Internet research in
17  order to demonstrate that the four financial companies in question actively solicit and
18  conduct business in Oregon" insufficient to support jurisdiction). Petitioners have not shown
19  that the records reside in Arizona. As such, Petitioners have not met their burden in this case.
20  The Government asserts that the records sought are found in El Paso, Texas. This is beyond
21  the bounds of this Court's jurisdiction.

22            2.  Capital One

23  The Government asserts that Capital One does not have any "branch or ATM
24  locations with the District of Arizona to provide the summoned credit card records." United
25  States' Mot. to Deny and Dismiss Pet. to Quash and Amended Pet. to Quash Pursuant to Fed.
26  R. Civ. P. 12(b)(1) and 12(b)(6) [Doc. 10] at 5. As such, "the summons was properly
27  directed at Capital One's offices in Richmond, VA." *Id.* Petitioners argue that "Capital One
28  contracted with Petitioner to provide credit and banking services, an activity to which this

1 claim is related." Resp. to United States Mot. to Deny and Dismiss Petition to Quash
2 Summons [Doc. 12] at 4. Petitioners have failed to demonstrate that the records sought by
3 the IRS may be found in Arizona. As such, this Court lacks jurisdiction over the summons.

### 3. Citibank, N.A.

The Government asserts that "[w]hile there are a number of affiliated ATMs listed on Citibank's website, no actual Citibank branches are located within the District of Arizona." United States' Mot. to Deny and Dismiss Pet. to Quash and Amended Pet. to Quash Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [Doc. 10] at 6. As such, there are "no employees with access to the summoned credit card records . . . within the District of Arizona." *Id.* Petitioners assert that because Citibank, N.A. contracted to provide banking and credit services in this forum, that is sufficient to confer this Court with jurisdiction over the summons. Based upon the foregoing, the Court disagrees. The records are located outside of the District of Arizona, and as such, the Court lacks jurisdiction over the summons.

### 4. Target Financial Services

The Government asserts that "similarly to the issue with American Express, Petitioners appear to conflate Target Corporation with Target Financial Services[.]" United States' Mot. to Deny and Dismiss Pet. to Quash and Amended Pet. to Quash Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [Doc. 10] at 6. The Government further asserts that "[t]he summons issued to Target Financial Services in Minneapolis, MN expressly requests credit card records unlikely to be available from a retail outlet or distribution center." *Id.* Petitioners argue that "[t]he presence of Target Stores and Distribution Centers throughout the District demonstrate Target Corporation's presence in the forum." Resp. to United States Mot. to Deny and Dismiss Pet. to Quash Summons [Doc. 12] at 4. As discussed, *supra*, the records are located outside of the District of Arizona, and accordingly, the Court lacks jurisdiction over the summons.

### B. *Ventana Canyon Golf and Racquet Club*

The Government urge that Petitioners lack standing to challenge the summons issued to Ventana Canyon Golf and Racquet Club. United States' Mot. to Deny and Dismiss Pet.

to Quash and Amended Pet. to Quash Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [Doc. 10] at 7. Petitioners did not respond to the Government's argument.

Section 7609(a)(1), 26 U.S.C., provides in relevant part:

> If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined.

26 U.S.C. § 7609(a)(1). "[A]ny person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given[.]" 26 U.S.C. § 7609(b)(2). Section 7609(c)(2) delineates exceptions to these rules, including any summonses "issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws; and . . . served on any person who is not a third-party recordkeeper (as defined in section 7603(b))." 26 U.S.C. § 7609(c)(2). A third-party recordkeeper is defined as:

> (A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501(c)(14)(A)),
>
> (B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681a(f))),
>
> (C) any person extending credit through the use of credit cards or similar devices,
>
> (D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4))),
>
> (E) any attorney,
>
> (F) any accountant,
>
> (G) any barter exchange (as defined in section 6045(c)(3)),
>
> (H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof,

    (I) any enrolled agent, and

    (J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)).

26 U.S.C. § 7603(b)(2).

    Ventana Canyon Golf and Racquet Club does not fall within the definition of third-party recordkeeper pursuant to the statute. Accordingly, Petitioners lack standing to challenge the Ventana Canyon Golf and Racquet Club summons, and the amended petition to quash shall be dismissed as to it.

### *C. Government's Prima Facie Case*

    The Government seeks dismissal of the Amended Petition to Quash Third-Party Summons [Doc. 5] because it can establish a *prima facie* case for enforcement. Petitioners assert that the Government already has the information sought and that the summonses are overbroad.

    The Supreme Court of the United States has held that enforcement of an IRS summons may be obtained upon a showing that (1) "the investigation will be conducted pursuant to a legitimate purpose[;]" (2) "that the inquiry may be relevant to the purpose[;]" (3) that the information sought is not already within the [IRS's] possession[;]" and (4) "that the administrative steps required by the [United States] Code have been followed[.]" *United States v. Powell*, 379 U.S. 48, 57-8, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964). "The burden of showing an abuse of the court's process is on the taxpayer[.]" *Id.* at 58, 85 S.Ct. at 255. Moreover, this showing must "raise[] a substantial question that judicial enforcement of the administrative summons would be an abusive use of the court's process[.]" *Id.* at 51, 85 S.Ct. at 251. Such an abuse "would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *Id.* at 58, 85 S.Ct. at 255. "The government's burden is 'a slight one' and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that

- 8 -

1  the *Powell* requirements have been met." *Fortney*, 59 F.3d at 120 (citations omitted). The
2  taxpayer's burden, however, is a "heavy" one. *Id.*

3  Here, the Government issued the summonses for "[t]he purpose of the investigation
4  of Eric J. Spitzer and Spitzer Tax and Accounting, Inc. . . . to determine whether they have
5  violated any internal revenue laws." Decl. of Vanessa C. Miller [Doc. 10-2] at ¶ 4. This is
6  a valid purpose under the Code. 26 U.S.C. § 7602(b). The information sought "may be
7  relevant to determining whether Eric J. Spitzer and/or Spitzer Tax and Accounting, Inc., have
8  violated any internal revenue laws, because Eric J. Spitzer has not filed personal federal
9  income tax returns since 2003 and has not filed federal corporate income tax returns for
10 Spitzer Tax and Accounting, Inc. since 2005 . . . [and] may be placing assets in his father's
11 name and/or the names of the entities operated by father and son[.]" Decl. of Vanessa C.
12 Miller [Doc. 10-2] at ¶¶ 5-6.

13 Petitioners assert that the Government's *prima facie* case must fail because the IRS
14 is in possession of some of the documents. Resp. to United States Mot. to Deny and Dismiss
15 Pet. to Quash Summons [Doc. 12] at 6. SA Miller, however, attests that although "the IRS-
16 CI seized financial account statements for Eric J. Spitzer's accounts with National Bank of
17 Arizona, GMAC, Alliance Bank of Arizona, and Citibank during the execution of a search
18 warrant, those records are incomplete and do not cover the entire period under investigation
19 included in the summonses." Decl. of Vanessa C. Miller [Doc. 10-2] at ¶¶ 5-6. These
20 represent only four (4) of the eleven (11) entities contemplated by the Government's motion.
21 Moreover, "the IRS is not engaged in a 'fishing expedition' when it seeks information
22 relevant to a legitimate investigation of a particular taxpayer." *Tiffany Fine Arts, Inc. v.*
23 *United States*, 469 U.S. 310, 321, 105 S.Ct. 725, 731, 83 L.Ed.2d 678 (1985). The Supreme
24 Court has "never held . . . that the IRS must conduct its investigations in the least intrusive
25 way possible." *Id.* at 323, 105 S.Ct. at 732. The Court finds that the IRS does not have the
26 information sought in the summonses, and the language of the same is not overbroad. *See*
27 *United States v. Davis*, 636 F.2d 1028, 1038 (5th Cir. 1981) (holding "[w]hen a summons as
28 a whole is not harassing, when the bulk of the materials summoned is not demonstrably in

the possession of the IRS, and where the marginal burden of supplying information which might already be in the possession of the IRS is small, as was the case here, enforcement of the summons in its entirety is not an "unnecessary examination or inspection" within the meaning of s 7605(b)"). Finally, the Court finds that Government complied with the Code in issuing the summonses.

Accordingly, IT IS HEREBY ORDERED that:

1) United States' Motion to Deny and Dismiss Petition to Quash and Amended Petition to Quash Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [Doc. 10] is GRANTED;

2) Petitioners' Amended Motion to Quash Third-Party Summonses is DISMISSED;

3) The Clerk of the Court shall close its file in this matter.

DATED this 5th day of December, 2012.

Cindy K. Jorgenson
United States District Judge